ORDER AND DECLARATORY JUDGMENT
Petitioners, the district judges duly sitting in the Eighth Judicial District, seek a writ of mandate or alternative order to require the Board of County Commissioners of Cascade County, Montana, to authorize the issuance of county warrants to pay for claims for expenses incurred in the operation of the district court in Cascade County.
The Board has notified the petitioners that the 1983-84 fiscal year county budget for district court operations has been exceeded, and that the Board will not authorize county warrants to be issued out of budget. The Board relies on the provisions of Section 7-6-2323, MCA, that liabilities in excess of the detailed budget appropriations are not a liability of the County, but would become the personal liabilities of the members of the Board if they authorized the issuance of such warrants.
Petitioners contend that the operation of the district court *365 is mandated by constitutional and statutory law, and that unless provision is made by the Commissioners to pay reasonable and necessary expenses of operation of the district court in the county, trials must be postponed, jurors and witnesses cannot be paid, and court salaries for judges and personnel will not be honored. Petitioners contend that the interruption of the ordinary business of the court creates an emergency, for which the Board has failed to make suitable provision under the Board’s statutory emergency powers.
Upon receipt of the petition, we required a written response from the Board, and set hearing on the petition on Monday, June 4, 1984. Upon such hearing, and having been duly advised, the Court finds and concludes:
1. The budget overrun for fiscal 1983-84 has stopped or threatened to stop the efficient and orderly administration of justice and court business in Cascade County, and because thereof an emergency exists in said county.
2. The District Court of the Eighth Judicial District of the State of Montana in and for Cascade County is a court of competent jurisdiction for the purposes of this case within the meaning of Section 7-6-2323(2)(a), MCA.
3. As such court of competent jurisdiction, said district court may issue orders for the payment of out-of-budget reasonable and necessary court expenditures.
4. Compliance by the members of the Board acting as a Board, or of any other county officer whose official action is necessary, with any order of said district court requiring payment of its reasonable and necessary court expenditures is within the exception to personal liability of such officers provided in Section 7-6-2323(2)(a), MCA.
5. Nothing herein provided shall be construed to deprive the Board, its members, or any other county officer from exercising their official duties in passing upon the propriety of such claims, except that such claims may not be denied on the basis that they are out of budget when the district court has duly ordered the payment of same.
6. This order, without more, shall be and constitute a de *366 claratory judgment defining the power of the district court to provide for its continued operation for the efficient administration of justice in cases of budgetary emergency.
7. Each party shall bear its or his own costs.
MR. CHIEF JUSTICE HASWELL and MR. JUSTICES HARRISON, WEBER, SHEEHY, MORRISON and GULBRANDSON concur.